UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY<br>　　Plaintiff, | § § § § | |
| vs. | § | 2:17-cv-00034 |
| | § | Civil Action Number |
| LARSON PROPERTIES, INC.<br>　　Defendant. | § § § | Jury |

### ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, State Automobile Mutual Insurance Company (hereinafter "State Auto") complains of Defendant, Larson Properties, Inc. (hereinafter "Larson"), and alleges as follows:

### I.
### PARTIES

1.   State Auto is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio, and authorized to do business in the State of Texas.

2.   Larson is a domestic corporation organized under the laws of the State of Texas with its principal place of business in Texas. Larson may be served with process through its registered agent, Frank H. Larson at 100 Jasper, Del Rio, Texas 78840.

### II.
### JURISDICTION AND VENUE

3.   This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

4.   There is complete diversity between the parties as required by 28 U.S.C. § 1332(a). Plaintiff is a corporation organized under the laws of the State of Ohio with its principal place of

business in Columbus, Ohio. Defendant is a Texas corporation with its principal place of business in Texas.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred within this judicial district and division and the property that is the subject of this action is situated within this judicial district and division.

6. The amount in controversy exceeds $75,000.00, excluding interest and costs. Specifically, this case involves the determination of coverage in relation to an appraisal award totaling $121,545.01 in replacement cost value.

### III.
### FACTUAL BACKGROUND

7. State Auto provided insurance policy PBP 2647433 to Larson with a policy period of December 17, 2015 to December 17, 2016 (hereinafter "the Policy").

8. On or about March 7, 2016, Larson made a claim to State Auto alleging hail damage occurring on February 22, 2016 to the property located at 2022 Cienegas Road, Del Rio, Texas 78840 (hereinafter "the Property"). The Property was a covered premise under the terms of the Policy. Following the adjustment of the claim, State Auto determined that there was no covered damage to the building as a result of a February 22, 2016 hailstorm. State Auto informed Larson of State Auto's decision to deny coverage of Larson's claim on November 11, 2016.

9. Following State Auto's denial, on or about January 29, 2017, State Auto received a letter from Larson's President and Registered Agent, Frank H. Larson, invoking the Policy's appraisal clause. Larson named Art Boutin (hereinafter "Boutin") as its appraiser. State Auto acknowledged the appraisal demand on February 9, 2017 and referred Larson to the Policy language relating to appraisal, specifically:

**Texas Changes, CP 01 42 03 12:**

Page 1 of 3:

Appraisal

    If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:
    a. Pay its chosen appraiser; and
    b. Bear the other expenses of the appraisal and umpire equally.

b. If there is an appraisal:
    a. You will retain your right to bring a legal action against us, subject to the provisions of Legal Action Against Us Commercial Property Condition; and
    b. We will still retain our right to deny the claim.

Texas Changes Endorsement, CP 01 42 03 12, Page 1 of 3. Despite its belief that appraisal was not appropriate on this claim, State Auto appointed Carl Johnson (hereinafter "Appraiser Johnson") as its appraiser. Specifically, State Auto's February 9, 2017 appraisal acknowledgement stated:

> State Auto does not believe that appraisal is appropriate for this claim. State Auto's adjustment of this claim found that no damage existed to the property as a result of wind or hail on February 22, 2016. To the extent portions of the property were damaged, the damage was not caused by a covered cause of loss. . . . The dispute surrounding this claim is one of coverage and not price.

10. On March 6, 2017, Boutin informed Appraiser Johnson that he was not Larson's appraiser, but rather Larson's public adjuster for the claim and that Larson's appraiser was actually Chris Osborne (hereinafter "Appraiser Osborne").

11. Appraiser Osborne and Appraiser Johnson then selected Justin Waight (hereinafter "Umpire Waight") as the umpire for the appraisal, in accordance with the Policy. On June 2, 2016, Umpire Waight issued an appraisal award with a replacement cost value of $121,545.01,

of which $80,770.87 represented actual cash value. Umpire Waight's appraisal award further stated "[t]his award is made without consideration of any prior payment(s) made on this claim or the applicable deductible, if any. All prior advance payment(s) and deductible(s) must be subtracted from the award total. Policy terms, conditions, limitations and exclusions apply." The appraisal award was signed by Umpire Waight and Appraiser Osborne on June 2, 2017, and provided to State Auto through counsel on June 4, 2017. Appraiser Johnson declined to sign the appraisal award.

12.   State Auto has chosen not to pay the appraisal award, because the Property did not sustain hail or wind damages on February 22, 2016, as per Larson's claim. Any damages determined by the appraisal award are incorrect and/or not attributable to a covered cause of loss under the Policy. Because appraisal does not determine coverage or causation, State Auto invokes its rights to contest coverage and causation and submits these issues to the Court for determination. Further, State Auto requests that this Court set aside the appraisal award as it appears to have been made as the result of mistake. Upon information and belief, the umpire based his award, at least in part, on his understanding of findings from Professional Engineer Terry Taylor of Haag Engineering (hereinafter "Engineer Taylor"). However, upon information and belief, it appears that the umpire's understanding of Engineer Taylor's findings is incorrect, which led to an incorrect appraisal award. Finally, the award appears to not apply to Larson's claim. Larson's claim is for storm damage from February 22, 2016. However, the appraisal award attributes the damage to storms from March 29, 2012.

13.   State Auto insures the Property subject to the terms, conditions, and exclusions of the Policy. The Policy provisions that may apply to, limit, preclude, or otherwise impact coverage for Larson's claims include, but are not limited to:

### Preferred Business Policy Common Declarations, SI 50 00 (01/04):

The coverage and these declarations are effective 12:01 AM Standard Time on 12/17/2015. . . .

Preferred Business Policy Common Declarations, SI 50 00 (01/04), Page 1 of 2.

### Commercial Property Conditions, CP 00 90 07 88

**H. POLICY PERIOD, COVERAGE TERRITORY**
   Under this Coverage Part:
   1. We cover loss or damage commencing:
      a. During the policy period shown in the Declarations; and
      b. Within the coverage territory.
   2. The coverage territory is:
      a. The United States of America (including territories and possessions);
      b. Puerto Rico; and
      c. Canada.

Commercial Property Conditions, CP 00 90 07 88, Page 1 of 2.

### Building and Personal Property Coverage Form, CP 00 10 04 02

**A. Coverage** (Pages 1 – 3 of 15)
   We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
   . . .
   **3. Covered Causes of Loss**
      See applicable Causes of Loss Form as shown in the Declarations.

Building and Personal Property Coverage Form, CP 00 10 04 02 (Pages 1 – 3 of 15).

### Causes of Loss—Special Form, CP 10 30 04 02
A. Covered Causes of Loss (Pages 1 – 4 of 9)
   When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:
      1. Excluded in Section B., Exclusions; or
      2. Limited in Section C., Limitations;
      that follow.
B. Exclusions
      1. We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any

> other cause or event that contributes concurrently or in a sequence to the loss....
>
> . . .
>
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
>    . . .
>
>    d. (1) Wear and tear;
>       (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.
>
>       . . .
>
>       (6) Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.
>
>       . . .
>
>    But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.
>
> . . .
>
> 3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
>    . . .
>
>    c. Faulty, inadequate or defective:
>
>       . . .
>
>       (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>       (3) Materials used in repair, construction, renovation or remodeling; or
>       (4) Maintenance;
>       of part or all of any property on or off the described premises.

Causes of Loss—Special Form, CP 10 30 04 02, Pages 1-4 of 9. The provisions of Larson's Policy referenced above limit the coverage available to Larson for the alleged damage that forms the basis of the appraisal award.

14. State Auto's investigation found no hail damage to the roof of the Property. During the adjustment process, State Auto's Engineer Taylor inspected the Property. Engineer Taylor's report notes that no hail spatters or dents were found on any exposed surfaces, including the roof,

with the exception of electrical switch panels on the rear elevation and window plastic beading, as discussed below. Additionally, the roof exhibited conditions attributable to foot traffic, sediment at the rib buckles, and defective or deteriorating prior repairs. The only evidence of hail caused conditions was on the electrical switch panel and broken plastic beading on northeast facing windows that had been painted over, evidencing that these damages occurred in the distant past.

## IV.
## CAUSE OF ACTION – SUIT FOR DECLARATORY JUDGMENT

15. State Auto hereby incorporates by reference the preceding paragraphs.

16. A real and justifiable controversy has arisen and now exists between State Auto and Larson for which State Auto desires a declaration of rights concerning the contractual obligations of State Auto and Larson with respect to one another under the Policy relating to the damage that forms the basis of the appraisal award.

17. A declaratory judgment is necessary because State Auto and Larson disagree over the interpretation of the Policy's terms, exclusions, conditions, and endorsements as applied to the appraisal award.

18. Pursuant to 28 U.S.C. § 2201, State Auto requests that the Court declare the coverage obligations under the Policy relative to the appraisal award issued on June 2, 2017. Specifically, State Auto requests that the Court decide the following issues:

- That any damages to the Property were not caused by hail but, rather, other excluded causes of loss, including but not limited to wear and tear, lack of maintenance, and defective repairs, which are not covered causes of loss; and

- In the alternative, if hail damage is determined to exist to the Property, the hail damage did not occur on the reported date of loss of February 22, 2016, but rather in the distant past, thereby falling outside of the Policy period.

19. State Auto requests that the Court make such other and further declarations as may be appropriate.

## V.
## ATTORNEYS' FEES

20. Should State Auto prevail on this lawsuit, it is entitled to an award of attorneys' fees under Texas Civil Practice and Remedies Code § 37.009, which authorizes an award of fees and costs as is equitable and just in a suit under the Declaratory Judgment Act. Further, State Auto is entitled to an award of attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code Chapter 38. The claims underlying the declaratory relief sought by State Auto are contractual in nature, and Chapter 38 allows recovery of attorneys' fees in contact actions.

## VI.
## JURY DEMAND

21. State Auto demands a jury trial on all factual issues in this cause.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, State Automobile Mutual Insurance Company, respectfully requests that Defendant, Larson Properties, Inc., be cited to appear herein, that the Court enter the declarations specified above, that State Automobile Mutual Insurance Company recover its attorneys' fees, and for such other and further relief to which State Auto may show itself justly entitled.

Respectfully submitted, this 9th day of June, 2017.

                        Respectfully submitted,

                        __/s/ *Sterling Elza*__
                        Sterling Elza
                        State Bar No. 24026823
                        Alicia A. Murphy
                        State Bar No. 24095005
                        Brown, Dean, Proctor & Howell, L.L.P.
                        306 West 7th Street, Suite 200
                        Fort Worth, Texas  76102-4905
                        Tel:  817/332-1391
                        Fax:  817/870-2427
                        Email: selza@browndean.com
                                  amurphy@browndean.com

                        **ATTORNEYS FOR PLAINTIFF,**
                        **STATE AUTOMOBILE MUTUAL**
                        **INSURANCE COMPANY**